# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

_____

### No. ACM 39379

_____

### UNITED STATES
*Appellee*

**v.**

### Adam N. WHITLOCK
Senior Airman (E-4), U.S. Air Force, *Appellant*

_____

Appeal from the United States Air Force Trial Judiciary

Decided 09 August 2018

_____

*Military Judge:* Christopher M. Schumann.

*Approved sentence:* Bad-conduct discharge, confinement for 30 months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 18 September 2017 by GCM convened at Mountain Home Air Force Base, Idaho.

*For Appellant:* Major Kevin R. Cayton, USAF; Captain Mark J. Schwartz, USAF.

*For Appellee:* Colonel Julie L. Pitvorec, USAF; Lieutenant Colonel G. Matt Osborn, USAF; Lieutenant Colonel Joseph J. Kubler, USAF; Mary Ellen Payne, Esquire; Justin P. Kenyon, Legal Extern.[*]

Before HARDING, HUYGEN, and POSCH, *Appellate Military Judges.*

Judge POSCH delivered the opinion of the court, in which Senior Judge HARDING and Judge HUYGEN joined.

_____

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

_____

[*] Mr. Kenyon was a law student extern with the Air Force Legal Operations Agency and was at all times supervised by attorneys admitted to practice before this court.

_____

POSCH, Judge:

In accordance with Appellant's pleas pursuant to a pretrial agreement, a general court-martial composed of a military judge found Appellant guilty of five specifications of sexual abuse of AD, a 13-year-old girl, and one specification of obstruction of justice in violation of Articles 120b and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 920b, 934. The military judge sentenced Appellant to a bad-conduct discharge, confinement for three years, forfeiture of all pay and allowances, and reduction to E-1. Consistent with the terms of the pretrial agreement, the convening authority approved only 30 months of confinement but otherwise approved the sentence as adjudged.

Appellant claims, pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), that his sentence is inappropriately severe and asks the court to reduce his sentence to confinement or, alternatively, disapprove the bad-conduct discharge. We disagree, find no prejudicial error, and affirm.

## I. BACKGROUND

Appellant met 13-year-old AD in February or March 2017 when she began living with her aunt, DB, and her aunt's then-deployed husband, Technical Sergeant (TSgt) BB, on Mountain Home Air Force Base, Idaho. Appellant, a friend of DB, frequented DB's home during lunch breaks, after work, and on weekends. During these visits Appellant developed a personal relationship with AD. After TSgt BB returned from deployment, he met Appellant. TSgt BB was taken aback by Appellant's flirtatious interaction with AD and confronted Appellant, warning that "he'd better not be doing anything with her." DB expressed similar concerns to Appellant after DB read messages in which AD admitted to having romantic feelings for Appellant.

Appellant's relationship with AD intensified despite TSgt BB and DB's warnings, contrary to Appellant's false assurances that "nothing was going on," and although he would talk with AD about her feelings for him. On no fewer than five occasions, Appellant touched AD through her clothing on her buttocks and breasts and directly on her thigh and waist with the intent to gratify his sexual desires.

In early to mid-May, Appellant told AD what it would be like for her to have sexual intercourse for the first time. Appellant messaged her, "I want to have sex with you," and detailed "how it's going to happen, if it happens." He told her, "You're going to be in pain. It sucks the first time. You bleed, you're puncturing something, [and] you're putting something in something new. It's going to hurt. I'm sorry that it will, but I can't do anything about it." Appellant also

told her, "I want it to be light so I can see every inch of you and so I can see the look on your face when our bodies come together."

In late May, DB saw Appellant kiss AD, and AD told DB about Appellant touching her. DB confronted Appellant, who denied any wrongdoing with AD. Appellant tried to convince AD to lie to DB and retract what she had said about Appellant's touching and communicating with her, which she refused to do.

## II. DISCUSSION

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (C.A.A.F. 2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we] find correct in law and fact and determine[ ], on the basis of the entire record, should be approved." Article 66(c), UCMJ. "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citations omitted). While we have great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 142–48 (C.A.A.F. 2010).

Appellant asserts the sentence is unjustly severe in light of his decision to enter into a pretrial agreement and plead guilty, which allowed AD to avoid having to testify during findings. He notes there was no force or coercion involved in his relationship with AD and he was only 23 years old at the time of the offenses. He also cites his accomplishments, including a deployment, and positive performance reports.

We have given individualized consideration to Appellant, the nature and seriousness of his offenses, his record of service, and all other matters contained in the record of trial. Appellant faced a maximum term of confinement of 60 years after the military judge found an unreasonable multiplication of charges and merged three specifications of sexual abuse into one. *See* Rule for Courts-Martial 307(c)(4); *United States v. Campbell*, 71 M.J. 19 (C.A.A.F. 2012). The adjudged sentence included confinement for three years and, pursuant to the pretrial agreement, the convening authority approved 30 months. We find Appellant's approved sentence of a bad-conduct discharge, confinement for 30 months, forfeiture of all pay and allowances, and reduction to E-1 was not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings and the sentence are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court